Filed 11/13/20  In re L.R. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).   This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re L.R., a Person Coming Under the Juvenile Court Law. | B305463 (Los Angeles County Super.  Ct.  No. 19CCJP02734C) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>P.R.,<br><br>        Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Victor G. Viramontes, Judge.  Affirmed.

John P. McCurley, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, Kim Nemoy, Acting Assistant County Counsel, Navid Nakhjavani, Principal, Deputy County Counsel, for Plaintiff and Respondent.

_____

## I.  INTRODUCTION

P.R. (father) appeals from the juvenile court's jurisdictional order, contending that substantial evidence did not support the exercise of jurisdiction over his now one-year old child, L.R. (child).  Because the parties are familiar with the facts and our opinion does not meet the criteria for publication (Cal. Rules of Court, rule 8.1105(c)), we dispense with a recitation of background and procedural history and resolve the cause before us, consistent with constitutional requirements, in a written opinion with reasons stated.  (Cal. Const., art. VI, § 14; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1262 ["'An opinion is not a controversial tract, much less a brief in reply to the counsel against whose views we decide.  It is merely a statement of conclusions, and of the principal reasons which have led us to them.' [Citation.]"].)

## II.  DISCUSSION

Father contends there was  insufficient evidence to support the juvenile court's sustaining of a petition that alleged:

2

"b-1

"The child[']s  mother [ ] and father . . . engaged in a physical alteration in the child's presence.  On 11/03/2019, [ ] father pushed [ ] mother and forcefully struck [ ] mother's arm with a door, resulting in injuries to [ ] mother.  [M]other failed to [take] action to protect the child by allowing [ ] father to reside in the home and have unlimited access to the child.  Such violent conduct on the part of [ ] father towards [ ] mother and [ ] mother's failure to protect, endangers the child's physical health and safety and places the child at risk of serious physical harm, damage, danger and failure to protect."

Although father concedes there was sufficient evidence to support the juvenile court's finding of domestic abuse on November 3, 2019, he contends there was insufficient evidence "of ongoing domestic violence or a likelihood that domestic violence is likely to continue between [m]other and [f]ather.  Thus, the juvenile court's exercise of dependency jurisdiction in this case is unsupported by substantial evidence."

"'In reviewing the jurisdictional findings and the disposition, we look to see if substantial evidence, contradicted or uncontradicted, supports them.  [Citation.]  In making this determination, we draw all reasonable inferences from the evidence to support the findings and orders of the dependency court; we review the record in the light most favorable to the court's determinations; and we note that issues of fact and credibility are the province of the trial court.'  [Citations.]"  (*In re R.T.* (2017) 3 Cal.5th 622, 633.)

Here, the juvenile court credited mother's statements to the police and her initial statements to the social worker.  According to those prior statements, on November 3, 2019 (when the child

3

was four months old), father yelled at mother, pushed her multiple times in the chest, grabbed her, and pushed her toward the floor, which caused mother to strike her face against the floor. Father then picked up the child and walked toward mother, who closed a bedroom door and tried to prevent father from entering. Father forced the door open, causing injury to mother's arm. Father continued to yell at mother and left the room, all while holding the child in his arms. When mother eventually called 911, father either tried to or did disconnect the phone. Father eventually placed the child on a sofa and left the home before the police arrived. At some point, the child struck his head on the sofa arm.

Evidence that father held the child during his physical altercation with mother supported the court's exercise of jurisdiction under Welfare and Institutions Code section 300, subdivision (b)(1). (*In re E.B.* (2010) 184 Cal.App.4th 568, 576, disapproved on another ground in *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1010, fn. 7 ["Children can be 'put in a position of physical danger from [spousal] violence' because, 'for example, they could wander into the room where it was occurring and be accidently hit by a thrown object, by a fist, arm, foot or leg . . .'"].)

Moreover, father's flat denial of the events of November 3, 2019, further supported the juvenile court's sustaining of count b-1 of the petition. According to father's testimony, he did not engage in any altercation or disagreement with mother on the date she called the police and had never even raised his voice at her. Father also testified that he would object to enrolling in domestic violence classes because there had been no domestic violence between him and mother. These denials indicated that father was unwilling or unable to change his

4

behavior, which increased the likelihood of further domestic violence.  (*In re Gabriel K.* (2012) 203 Cal.App.4th 188, 197 ["One cannot correct a problem one fails to acknowledge"].)  Accordingly, substantial evidence supported the court's exercise of jurisdiction over the child.

## III.   DISPOSITION

The court's jurisdictional order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


KIM, J.


We concur:



RUBIN, P. J.



MOOR, J.



5